UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

HFA SERVICES, LLC,

 Plaintiff,

CASE NO. _____

v.

EXIANT COMMUNICATIONS, LLC,

 Defendant.
_____/

**DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO TITLE 28,
U.S.C. SECTIONS 1332, 1441 AND 1446**

**COMES NOW** the Defendant, Exiant Communications, LLC ("Exiant"), by and through its undersigned counsel, pursuant to the provisions of Title 28, U.S.C. §§1332, 1441 and 1446, and hereby provides notice of removal of the above-captioned action to the United States District Court of Florida, Southern District, West Palm Beach Division, from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. In support of its Notice of Removal, Exiant respectfully submits as follows:

 I. Threshold Facts

On March 24, 2022, Exiant was served with a complaint styled as *HFA Services, LLC v. Exiant Communications, LLC*, case no. 50-2022-CA-01570 in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. A true and correct copy of all process and pleadings served upon Exiant are attached hereto as Attachment "A." To the best knowledge and belief of Exiant, no further proceedings have been had in the state court.

The declaration of James Finneran, the sole member and manager of Exiant, is attached hereto and incorporated herein as Attachment "B." Exiant adopts the facts stated in Mr. Finneran's

declaration as its statement of facts relative to this Notice of Removal.

Plaintiff's complaint seeks a judicial declaration as to the validity of a contract between Plaintiff and Exiant. *See* Attachment A at 7-17. A copy of the contract at issue is attached to the Complaint and incorporated therein. *See* Attachment A at 33-42. The contract is between parties of completely diverse citizenship and the amount at issue exceeds $75,000. Therefore, the federal district courts have diversity jurisdiction pursuant to §1332(a)(1).

II.     Standard and Basis for Removal

A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). *See* 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between ... citizens of different States...." 28 U.S.C. § 1332(a)(1).

The Plaintiff and the Defendant in this case are both limited liability companies. *See* Attachment A. For purposes of diversity jurisdiction, a limited liability company is "a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam); *Hunt v. Nationstar Mortgage, LLC*, 782 Fed. Appx. 762, 768 (11th Cir. 2019). Exiant is the only defendant in the lawsuit. *See* Attachment A. The sole member of that LLC is James Finneran, who is a citizen of the State of Maryland. *See* Attachment C. Plaintiff, HFA Services, LLC has a single member, HFA Holdings, LLC. *See* Attachments B & C.[1] In turn, HFA Holdings, LLC has three members, none of whom are

---

[1] The Court may take judicial notice of the corporate information available from the Florida Department of State, Division of Corporations, as "accuracy of the results of records searches from the Secretary of State…corporate search website can be determined by readily accessible resources whose accuracy cannot reasonably be questioned." *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 938 (C.D. Cal. 2011). *See also* Fed. R. Evid. 201 (b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Locals 302 & 612 of Int'l Union of Operating Engineers Constr. Health & Sec. Fund v. AEI Williams Group, Co.,* 2020 WL 569828, at *2 (W.D. Wash. Feb. 5, 2020) (taking judicial notice of corporate records search on website of State of Washington Secretary of State).

citizens of Maryland. *Id.* Thus, there is complete diversity among the parties for jurisdictional purposes.

In addition to showing the complete diversity of citizenship, a removing party must also demonstrate that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(a). "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object the litigation from the plaintiff's perspective." *Hunt v. Nationstar Mortgage, LLC*, 782 Fed. Appx. 762, 768 (11th Cir. 2019) quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). Here, Plaintiff's prayer for relief expressly asks for judicial declaration that the contract between the parties is void *ab initio* and an order requiring that Exiant "refund to HFA Services the $163,000 that [HFA Services] paid to Exiant under the terms of the [contract]." *Attachment* A at 16. Thus, it is clear on the face of the complaint that the amount in controversy meets the jurisdictional threshold of $75,000.00.

This Notice of Removal is being filed within the time period required by 28 U.S.C. §1446(b). The complaint was served on March 24, 2022, which is fewer than 30 days from this Notice of Removal. Additionally, written notice of the filing of the Notice of Removal has been given to the adverse party as required by law. 28 U.S.C. §1446(d). A true and correct copy of this Notice of Removal will be promptly filed with the Circuit Clerk of the Court in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida as provided by law.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed with U.S. District Court – Southern District, Miami Division via the CM/ECF filing system and a copy has been provided by U.S. Mail and email to Plaintiff's counsel, Daniel B. Rosenthal, Esq., 1900 Glades Rd., Ste. 270, Boca Raton, FL 33431, daniel@dbrlawfirm.com, rose@dbrlawfirm.com on this 8th day of April, 2022

/s   Lee W. Marcus
LEE W. MARCUS, ESQUIRE
Florida Bar No.: 967076
Primary email: lmarcus@marcusmyerslaw.com
ERNEST J. MYERS, ESQUIRE
Florida Bar No.: 947350
Primary email: emyers@marcusmyerslaw.com
MARCUS & MYERS, P.A.
6150 Metrowest Blvd., Ste. 208
Orlando, FL  32835
Telephone: 407-447-2550
Facsimile:  407-447-2551
Secondary email: mbusby@marcusmyerslaw.com
Counsel for Defendant, Exiant Communications, LLC